IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

**TRAVELERS PROPERTY CASUALTY**
**COMPANY OF AMERICA, INC.**

    **Plaintiff,**

v.                                         CIVIL ACTION NO.   5:18-cv-01076

**GREENBRIER HOTEL CORPORATION and**
**OLD WHITE CHARITIES, INC.**

    **Defendants.**

## COMPLAINT

Plaintiff Travelers Property Casualty Company of America, Inc., by its undersigned counsel, for its Complaint against Defendants Greenbrier Hotel Corporation and Old White Charities, Inc., states as follows:

## PARTIES

1. Plaintiff Travelers Property Casualty Company of America, Inc. ("Travelers") is a duly organized insurance corporation with its principle place of business in Hartford, Connecticut.

2. Defendant Greenbrier Hotel Corporation, upon information and belief, is a West Virginia corporation with its principle place of business at 300 W. Main Street, White Sulphur Springs, West Virginia. Among other properties, Defendant Greenbrier Hotel Corporation owns, in whole or in part, and operates The Greenbrier Resort.

3. Defendant Old White Charities, Inc. ("Old White"), upon information and belief, is a non-profit West Virginia corporation, with its principle place of business located at 300 W. Main Street, White Sulphur Springs, West Virginia. Old White, upon information and belief, is a

subsidiary of, and shares the same officers and directors as, Defendant Greenbrier Hotel Corporation. Old White hosts sporting events and other entertainment at The Greenbrier Resort.

## NATURE OF THE ACTION

4. This is an action for subrogation, fraud, conversion, and unjust enrichment arising from Defendants' refusal to remit payment to Travelers for its indemnification of Select Event Group, Inc., Travelers' insured, for losses sustained at The Greenbrier Resort during flooding that began on June 23, 2016.

## JURISDICTION AND VENUE

5. Jurisdiction is proper under 28 U.S.C. §1332, because there is complete diversity between the parties and the amount in controversy exceeds Seventy Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

6. Venue is proper in the Beckley Division of the Southern District of West Virginia, pursuant to 28 U.S.C. §1391, because the property damage from which the subrogation claim arises occurred in Greenbrier County, West Virginia.

## UNDERLYING FACTS

7. Commencing in 2010, Defendants began hosting a PGA Tour golf tournament, known as The Greenbrier Classic, annually each July.

8. In 2016, The Greenbrier Classic was scheduled for July 7 through July 10.

9. In anticipation of the 2016 Greenbrier Classic, Defendant Old White entered into a contract with Select Event Group (the "SEG Contract") to provide special events related services and equipment, including, without limitation, tents, flooring, glass panels, and astro-turf to be used during the Greenbrier Classic.

10. The SEG Contract included express language that Old White would be liable for all risks of loss or damage to the equipment provided by SEG. The SEG Contract stated in pertinent part as follows:

> [Old White] shall assume all risk of loss and damage including, but not limited to any theft or loss or damage to the Equipment while it is in [Old White's] possession, on [Old White's] premises, or located on a premises as directed by [Old White]. Should any such loss or damage occur to the Equipment for any reason whatsoever, other than reasonable wear and tear, [Old White] shall pay Select an amount equal to the repair or full replacement cost of such damaged, missing or stolen Equipment at the option of and upon demand by Select. Accrued rental charges shall not be applied against the cost of repair or full replacement cost of damaged, missing or stolen Equipment. [Old White] assumes the cost and responsibility for the use of any material.

11. On or before June 23, 2016, Select Event Group performed under the SEG Contract, delivering and installing equipment per the SEG Contract at The Greenbrier Resort for the Greenbrier Classic.

12. On Thursday, June 23, 2016, The Greenbrier Resort experienced flooding that damaged buildings and equipment, including equipment leased to Defendant Old White under the SEG Contract.

13. Upon information and belief, during or shortly after the flooding, Defendants contacted their insurers regarding the damages suffered at The Greenbrier.

14. Similarly, Select Event Group filed a claim with Travelers regarding the damage to and loss of its equipment leased to Defendant Old White.

15. Travelers promptly evaluated Select Event Group's claim and tendered payment for certain insured losses that Select Event Group sustained as a result of the flooding with respect to the SEG Contract. The amount Travelers paid to Select Events Group was Ninety Six Thousand One Hundred Sixteen Dollars and Sixty Five Cents ($96,116.65). Travelers then tendered its

demand for subrogation and submitted proof of loss to Defendants and Defendants' insurance claims adjusting agency, VeriClaim.

16. Upon information and belief, prior to January 11, 2017, Defendants' insurer(s) approved and remitted payment to Defendants for Travelers' subrogation claim.

17. Defendants failed to pay Select Events Group for any invoiced amount, including the amount for lost equipment that Travelers paid. Defendants also failed to pay Travelers.

18. On January 11, 2017, VeriClaim, Defendants' claims adjuster, sent a letter to Elmer Coppoolse, the Chief Operating Officer of Defendant Greenbrier Hotel Corporation. The letter stated that payment had been sent to Defendant Greenbrier Hotel Corporation, in the total amount of Seven Hundred Sixty Nine Thousand Seven Hundred Eighty One Dollars ($769,781.00), "for rental equipment owned by others that was damaged while it was at the Greenbrier." The letter went on to explain that the payment was for "payment of a subrogation claim made by insurer(s) of the rental property owner." VeriClaim reminded Defendants "to make certain that the $769,781 is paid to the insurer(s) that asserted the subrogation claim." The Seven Hundred Sixty Nine Thousand Seven Hundred Eighty One Dollars ($769,781.00) included the amount Travelers paid to Select Event Group.

19. On January 12, 2017, Defendants entered into a Forbearance Agreement with Select Events Group with respect to the monies that Old White had failed to pay under the SEG Contract.

20. In the Forbearance Agreement, Defendant Greenbrier Hotel Corporation agreed to guaranty payment of certain unpaid invoices, as well as Select Event Group's counsel fees and expenses to enforce the Forbearance Agreement. The Forbearance Agreement, at Paragraph 1, read in pertinent part as follows:

> In consideration of the substantial direct and indirect benefits derived by Greenbrier from the [SEG Contract] and this Agreement in order to induce

> Select [Events Group] to enter into this Agreement, Greenbrier, as principal obligor and not merely as a surety, hereby absolutely, unconditionally and irrevocably guarantees to Select the payment of the Unpaid Invoices under the [SEG Contract] and all of Old White's obligation under this Agreement, plus all costs, expenses and fees (including reasonable fees and expenses of Select's counsel) in any way relating to the enforcement or protection of Select's rights under the Old White Contract and this Agreement or at law and in equity. Greenbrier agrees that whenever Old White does not pay any of such obligation as and when they fall due, Greenbrier shall promptly pay such obligations. This guaranty is a guaranty of payment and not of collection.

21. Pursuant to the terms of the Forbearance Agreement, Defendants agreed to pay the amount owed "on the first to occur of the following dates: (a) within fifteen (15) days of settlement of the insurance claim of the Greenbrier relating [to] the flood which damaged the Greenbrier resort and (b) January 1, 2018." The amount owed included the amount paid by Travelers to Select Event Group for its losses.

22. Also, pursuant to the Forbearance Agreement, Defendants agreed to pay interest at five percent (5%) per annum. Paragraph 3 of the Forbearance Agreement read in pertinent part as follows:

> In the event of a default in such obligation, the Unpaid Amount shall bear interest at the rate of five percent (5%) per annum until paid in full and Select shall be entitled to all rights and remedies set forth in the [SEG Contract] and at law and in equity without restriction or modification, as if the forbearance had not occurred.

23. As reflected by the January 11, 2017 VeriClaim letter to Mr. Coppoolse, Defendants already had received at least partial payment of the amount owed to Select Events Group and its insurer(s) prior to the execution of the Forbearance Agreement. Defendants, however, did not promptly remit payment to Select Event Group or Travelers, nor did Defendants disclose receipt of payment from its insurer(s).

24. On March 13, 2017, Travelers sent a letter to Defendants reminding Defendants of Travelers' subrogation claim and requesting an update regarding whether Travelers' subrogation claim had been approved. Defendants did not respond to Travelers even though Defendants knew that the subrogation claim had been approved and paid.

25. On or about January 3, 2018, Select Event Group initiated a collection action to enforce the Forbearance Agreement against Defendants in the United States District Court for the Southern District of West Virginia, styled, *Select Event Group, Inc. v. Greenbrier Hotel Corporation and Old White Charities, Inc.*, Case No. 5:18-cv-00006 ("the SEG Collection Action").

26. The Complaint in the SEG Collection Action sought collection of all but the amount that Travelers paid to Select Event Group and for which Travelers claimed rights of subrogation against Defendants.

27. Defendants did not file an Answer in the SEG Collection Action. Instead, on February 15, 2018, Select Event Group and Defendants jointly moved for a Consent Judgment to be entered against both Greenbrier Hotel Corporation and Old White.

28. The United States District Court for the Southern District of West Virginia entered an Order granting the Consent Judgment on or about March 12, 2018.

## **COUNT I-SUBROGATION**

29. Travelers realleges and incorporates by reference the allegations in Paragraphs 1 through 28.

30. Travelers paid to its insured, Select Event Group, the total sum of Ninety Six Thousand One Hundred Sixteen Dollars and Sixty Five Cents ($96,116.65), for insured losses

sustained on or after June 23, 2016, for which Defendants were liable to Select Event Group both under the SEG Contract and the Forbearance Agreement.

31. Travelers notified Defendants of its subrogation claim and promptly provided proof of its claim to Defendants and Defendants' claims adjuster, VeriClaim.

32. Upon information and belief, Defendants were indemnified by their insurers for losses, including amounts for which Defendants were liable under the SEG Contract, but Defendants have intentionally failed to remit payment.

33. Travelers timely initiated this action to enforce its equitable rights of subrogation under West Virginia law.

34. Travelers prays that Defendants be held jointly and severally liable for

   a. Ninety Six Thousand One Hundred Sixteen Dollars and Sixty Five Cents ($96,116.65);

   b. Pre-and post-judgment interest until payment is made;

   c. Legal fees;

   d. Court costs; and,

   e. Such other relief as this Court deems just and proper.

### COUNT II-FRAUD AND CONVERSION

35. Travelers realleges and incorporates by reference Paragraphs 1 through 34, including subparts, as though set forth herein in their entirety.

36. Defendants received from their insurer(s) payments that were specifically identified as indemnification payments for vendors and/or subrogations payment to vendors' insurers for losses sustained at The Greenbrier as a result of flooding on or about June 23, 2016. Select Event Group was one such vendor and Travelers was its insurer.

7

37. Rather than tendering these indemnification and subrogation payments to the rightful parties as directed by Defendants' insurer(s) to pay claims, Defendants intentionally and wrongfully withheld these insurance monies, converted them for their own purposes, and thus have been unjustly enriched.

38. To the extent that Defendants used wire transfers between financial institutions to misappropriate and convert these monies, Defendants also violated criminal statutes. In all respects, Defendants acted against the public interest.

39. Defendants further intentionally ignored repeated requests for payment and intentionally withheld information, including, without exception, the fact that Defendants had received payments prior to January 11, 2017 from their insurers which were intended by their insurers as payment for claims by entities such as Select Event Group and Travelers. Defendants have repeatedly and willfully disregarded the rights of others, forcing entities, such as Travelers, to retain counsel and seek court intervention to receive the payments which Defendants wrongfully have withheld.

40. Defendants' actions with respect to withholding and converting funds were willful, wanton, reckless, fraudulent, deceptive, and malicious, warranting the imposition of punitive damages to deter future similar misconduct by each of these Defendants.

41. Travelers prays that Defendants be held jointly and severally liable for

    a. Ninety Six Thousand One Hundred Sixteen Dollars and Sixty Five Cents ($96,116.65);

    b. Pre-and post-judgment interest until payment is made;

    c. Punitive damages;

    d. Legal fees;

  e. Court costs; and,

  f. Such other relief as this Court deems just and proper.

**TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, INC.**

**By Counsel,**

___/s/ *Charlotte A. Hoffman Norris*_____
Robert H. Sweeney, Esq. (WV State Bar No. 5831)
Charlotte Hoffman Norris, Esq. (WV State Bar No. 5473)
JENKINS FENSTERMAKER, PLLC
P.O. Box 2688
Huntington, WV 25726-2688
304-523-2100/304-523-2347(facsimile)
*Counsel for Travelers Property Casualty Company of America, Inc.*